ANTOINE M., et al., Plaintiffs,

v.

The CHESTER UPLAND SCHOOL DISTRICT, Defendant.

No. Civ.A. 05–3384.

United States District Court, E.D. Pennsylvania.

March 14, 2006.

David T. Painter, Dennis C. McAndrews, McAndrews Law Office, Berwyn, PA, for Plaintiffs.

Leo A. Hackett, Law Office of Leo A. Hackett, Media, PA, for Defendant.

## MEMORANDUM

ROBRENO, District Judge.

Plaintiffs, Antoine M. and his parent Samuel M., are appealing the determination of a special education hearing officer that Antoine M. is ineligible for remedies under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1400 *et seq.* The Court denied plaintiffs' motion for a preliminary remand to the administrative process on September 6, 2005. Before the Court today are the parties' pretrial submissions on the issue of whether the parties should be permitted to offer evidence to supplement the administrative record for the Court's review of the hearing officer's decision. For the reasons below, the Court will permit the additional evidence proffered by plaintiffs to be offered at the hearing.

## I. BACKGROUND

Antoine M. is a seventeen year old student who resides in the Chester Upland School District (the "District"), and attended school in the District until the 2004–05 school year. After Antoine was held back during the 1998–1999 school year in the fourth grade because his reading skills were two years below grade level, the District referred him for an evaluation to determine his eligibility for special education. The District provided Antoine with special education for fourteen months,

but then withdrew him from the program because he maintained passing grades and appropriate behavior in school. Antoine performed poorly in standardized testing through the intervening years.

In June 2004, Antoine's family obtained an independent evaluation, and in August 2004, informed the District that Antoine would be attending private school for the 2004–05 school year. Antoine's parents requested tuition reimbursement from the District, and, when the District refused, requested a due process hearing pursuant to the IDEA, Section 504, and Pennsylvania Chapters 14 and 15.[1]

Plaintiffs sought a determination that the District had failed in its duty to Antoine by not offering him a Free Appropriate Public Education ("FAPE"), compensatory education, and tuition reimbursement for Antoine's 2004–2005 tenth grade school year. The hearing was held on two days

in February and March, 2005. Hearing Officer Linda Valentini issued a decision on April 20, 2005, finding that Antoine was ineligible for special education.

Officer Valentini also reasoned that, following *Montour School District v. S.T.,* 805 A.2d 29 (Pa.Commw.2002), which established a one year statute of limitations on a request for a due process hearing, plaintiffs could not seek compensatory education before December 9, 2003. For this reason, the Findings of Fact contained in the decision were largely limited to the relevant period, December 9, 2003 to April 20, 2005.[2] Plaintiffs appealed the decision to the Appeals Panel, which, on June 3, 2005, affirmed Officer Valentini's decision.[3]

Plaintiffs filed suit in this Court on June 30, 2005, effectively appealing the Panel's decision.[4] Plaintiffs allege the District violated the IDEA, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29

1. Under the IDEA, "[w]henever a complaint has been received under subsection (b)(6) or (k), the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f).

Pennsylvania Chapters 14 and 15 refer to special education services and programs and protected handicapped students respectively.

2. The decision contained a footnote, however, that stated:

"This hearing officer allowed some testimony and evidence to go beyond the period of limitation in order to create a record on the event that this matter is raised in another venue that would find in favor of the parent on the *Montour* issue." (Def.'s Memo of Law in support of its Answer to the Motion for Remand, Attachment # 2 p. 4.)

3. Under the IDEA,

(1) If the hearing required by subsection (f) is conducted by a local educational agency, any party aggrieved by the findings and

decision rendered in such a hearing may appeal such findings and decision to the State educational agency. . . .

(2) The State educational agency shall conduct an impartial review of the findings and decision appealed under paragraph (1). The officer conducting such review shall make an independent decision upon completion of such review.

20 U.S.C. § 1415(g).

4. The IDEA permits such an "appeal":

Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2).

U.S.C. § 794(a),[5] and Section 1983 of the Civil Rights Act of 1964 ("Section 1983"), 42 U.S.C. § 1983, when it exited Antoine M. from special education services in January 2001. In the Complaint, plaintiffs sought: (1) a remand to the Pennsylvania administrative process; (2) a declaration that defendants' actions and omissions violated the IDEA, Section 504, and Pennsylvania law; (3) tuition reimbursement for the 2004–2005 school year, with interest; (4) compensatory education from the 1994–1995 school year to the present; (5) a compliance order for defendants; (6) monetary damages for defendants' violations of the IDEA; (7) attorneys' fees and costs; and (8) any other just relief. The Court denied the motion for remand on September 6, 2005.

Plaintiffs' motion for remand was based on Officer Valentini's determination that a one-year limitations period on a request for a due process hearing applied to this case. The Court denied this motion because it found that the principal issue in the case is Antoine M.'s eligibility under the IDEA, thus making a disposition of the limitations issue premature.[6]

**5.** Section 504 prohibits discrimination against handicapped persons in federally funded programs. Its implementing regulations require schools to which Section 504 applies to provide a free appropriate education to qualified handicapped students. *Borough of Palmyra, Board of Educ. v. F.C. Through R.C.,* 2 F.Supp.2d 637, 642 (D.N.J.1998).

The Hearing Officer denied Antoine M.'s eligibility under the IDEA, but did not address his separate eligibility under Section 504 because she found "no grounds for holding that Antoine is a child who has separate eligibility under 504/Chapter 15."

**6.** In *Robert R., et al. v. The Marple Newtown Sch. Dist,* 05–1282, where plaintiffs were also appealing the findings of a hearing officer pursuant to the IDEA, the Court disapproved *Montour,* as has every court in the Eastern District of Pennsylvania that has recently considered the issue. The Court found that an

On December 12, 2005, the Court issued a scheduling order and bifurcated the case into two parts: (1) the issue of Antoine M.'s eligibility under the IDEA; and (2) the issue of reimbursement. Before the Court today is plaintiffs' proffer of testimony in addition to that presented during the administrative process on the issue of Antoine's eligibility under the IDEA.

## II. DISCUSSION

### A. *The Introduction of Evidence in Addition to the Administrative Record*

#### 1. *Proposed Witnesses*

Plaintiffs propose to present the testimony of four witnesses in addition to the witnesses they presented at the administrative hearing:

(1) **Karen J. Stillis,** Antoine's learning support teacher from November 19, 1999 to June 2000;

(2) **Nancy Brown,** Antoine's learning support teacher from September 2000 to January 30, 2001;

equitable limitations period did not apply to claims for compensatory education, and granted plaintiffs' motion for remand to the administrative process for the consideration of Robert R's claim unbounded by the previously applied limitations period. 2005 WL 3003033 (E.D.Pa.2005).

The determination of Antoine M.'s ineligibility under the IDEA distinguishes his situation from that of Robert R. The Court remanded the case in *Robert R.* for the administrative process to assess his entitlement to a remedy under the IDEA. The primary issue in *Antoine M.,* however, is not a remedy under the IDEA, but eligibility for the IDEA. This is a legal issue for the Court to assess. If Antoine is found eligible under the IDEA, the case may be remanded to the administrative process for the consideration of the appropriate remedy.

(3) **Judy Kay Maxwell**, the District's school psychologist who evaluated Antoine in 1999; and

(4) **Dr. Barbara Domingos**, a certified school psychologist, who will be called as an expert witness.

Plaintiffs argue that they did not present the testimony of Stillis, Brown, or Maxwell earlier because the professional involvement of these witnesses took place outside of the limitations period imposed by the hearing officer. The testimony of Dr. Domingos was not introduced at the administrative hearing, state plaintiffs, because plaintiffs did not have the burden of proof at the hearing.[7]

Defendant opposes the introduction of any additional evidence beyond the administrative record, asserting that Antoine's entire record was part of the due process hearing, and that all of plaintiffs' proposed witnesses were available at the time of the due process hearing.

2. *Legal Standard*

a. *Judicial review under the IDEA*

■ The IDEA authorizes judicial review of administrative decisions. Under the IDEA:

Any party aggrieved by the findings and decision made ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

In any action brought under this paragraph, the court—

(i) shall receive the records of the administrative proceedings;

(ii) shall hear additional evidence at the request of a party; and

(iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2). Because this provision permits the reviewing court to hear additional evidence, courts do not use the 'substantial evidence' standard usually applied when reviewing administrative decisions, but instead "must decide independently whether the requirements of the IDEA are met." *Susan N., et al. v. Wilson Sch. Dist.*, 70 F.3d 751, 757 (3d Cir. 1995) (quoting *Murray v. Montrose County Sch. Dist.*, 51 F.3d 921, 927 (10th Cir. 1995)).

■ The United States Supreme Court directs courts to give "due weight" to the factual findings of the hearing officer in IDEA cases. *Board of Educ. of Hendrick Hudson Cent. Sch. Dist., et al. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). The Third Circuit has interpreted the due weight requirement to mean courts should exercise a modified *de novo* review of the hearing officer's decision. *S.H. v. State–Operated Sch. Dist. of the City of Newark*, 336 F.3d 260, 269 (3d Cir.2003). If a court hears additional evidence it is "free to accept or reject the agency findings depending on whether those findings are supported by the new expanded record and whether they are consistent with the requirements of the Act." *Id.* at 270 (quoting *Oberti v. Board of Education of the Borough of the Clemen-*

---

7. Following *Schaffer v. Weast*, —— U.S. ——, ——, 126 S.Ct. 528, 537, 163 L.Ed.2d 387 (2005), and *L.E., et al. v. Ramsey Board of Educ., et al.*, 435 F.3d 384 (3d Cir.2006), the burden of proof is now borne by the party challenging an IEP. This rule applies to cases pending when *Schaffer* was decided. *Greenwood ex rel. Greenwood v. Wissahickon Sch.*, 2006 WL 279085, at *1 (E.D.Pa.2006) (Savage, J.).

*ton Sch. Dist.,* 995 F.2d 1204, 1220 (3d Cir.1993)).

### b. *The admission of additional evidence*

■ Whether evidence which was not proffered at the earlier hearing may be admitted in an IDEA judicial review proceeding, and if so, what type, is left to the discretion of the trial court. *Susan N.,* 70 F.3d at 760. In exercising this discretion, the court is charged with determining whether the proffered evidence is "relevant, non-cumulative, and useful in determining whether Congress' goal has been reached for the child involved." *Id.* In doing so, the court should ensure that the admission of the additional evidence will be consistent with the " 'general framework of deference to state decision-makers that is dictated by the IDEA.' " *Id.* at 758.

### i. *Relevancy, cumulativeness, usefulness*

■ In determining whether the proffered evidence is "relevant, non-cumulative, and useful in determining whether Congress' goal has been reached for the child involved,"[8] *Susan N.,* 70 F.3d at 760, a court must look at the evidence or testimony proffered in the context of the case. Each analysis should be individualized to the particular circumstances before the court. *See, e.g., Robert B. v. West Chester Area Sch. Dist.,* 2005 WL 2396968, at *9–10 (E.D.Pa.2005) (proffered testimony would repeat earlier testimony and would

offer no additional insight into the "reasonableness of the school district's original decision") (quoting *Susan N.,* 70 F.3d at 762); *Alex K. v. Wissahickon School District,* 2004 WL 286871, at *7 (E.D.Pa. Feb. 12, 2004) (two witnesses excluded because they would repeat administrative hearing testimony, three new witnesses excluded because testimony would not assist court in determining whether school district met its legal obligations).

### ii. *Deference to state proceedings*

■ Although a court may not summarily exclude a party's proffered evidence before evaluating its content, *Susan N.,* 70 F.3d at 758, neither may a court grant carte blanche to a party to introduce evidence that was not offered at the administrative hearing, and thus render the administrative proceedings a mere formality. *See, e.g., Susan N.,* 70 F.3d at 762 (a court has the authority to exclude certain evidence that could have been available at the administrative hearing); *Town of Burlington v. Department of Educ.,* 736 F.2d 773, 790 (1st Cir.1984) ("A trial court must make an independent ruling based on the preponderance of the evidence, but the [IDEA] contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial"). Rendering the administrative proceeding a mere formality would thwart the notion of cooperative federalism enshrined by the IDEA.[9]

---

8. "Congress' central goal in enacting the IDEA was to ensure 'that each child with disabilities has access to a program that is tailored to his or her changing needs and designed to achieve educational progress.' " *Susan N.,* 70 F.3d at 760 (internal citation omitted).

9. The IDEA's cooperative federalism involves the grant of federal funds to state educational programs; the statute entails deference to the

expertise and concerns of the state administrative process in meeting the goals of the statute, but maintains federal oversight over the process. *M.A. ex rel. E.S. v. State–Operated Sch. Dist. of City of Newark,* 344 F.3d 335, 339 (3d Cir.2003); *Beth V. by Yvonne V. v. Carroll,* 87 F.3d 80, 82 (3d Cir.1996) (the IDEA "authorizes federal funding for states providing the special education that the statute requires, but funding is contingent on state compliance with its array of substantive

To negotiate this statutorily prescribed deference, a court must determine whether the party introducing the additional evidence has presented a sufficient justification for not proffering the evidence at the administrative hearing. *Susan N.,* 70 F.3d at 760 (quoting *Burlington,* 736 F.2d at 790–91). The following is a non-exhaustive list of factors that a court may take into account when making this determination:

(A) The existence of a procedural bar which prevented the introduction of the proffered evidence below, such as a limitations period or a restriction on the number of witnesses. *See Monticello Sch. Dist. No. 25 v. George L.,* 102 F.3d 895, 901–02 (7th Cir.1996) (because party presented no evidence of procedural infirmities at the administrative level, district court did not abuse its discretion in prohibiting the introduction of additional evidence);

(B) Whether the evidence was deliberately withheld at the administrative level for strategic reasons. *See Roland M. v. Concord Sch. Comm.,* 910 F.2d 983, 998 (1st Cir.1990) (district court should exclude evidence that party purposely chose not to present at the administrative level);

(C) Whether the introduction of the additional evidence at the district court level would be prejudicial to the other party, i.e. if the additional evidence would interfere with the adverse party's ability to rebut it; and

(D) The potential impact on the administration of justice, i.e. does the party seek to introduce a new theory under which it will be entitled to relief. Courts have construed the word "additional" as used in the IDEA, § 1415, to mean "supplemental." *Susan N.,* 70 F.3d at 759 (citing

*Burlington,* 736 F.2d at 790). In that regard, a party should not be permitted to introduce evidence unrelated to a legal theory presented at the prior hearing.

In sum, a court's discretion in admitting additional evidence in an IDEA judicial review proceeding is bounded by the need to respect the statute's cooperative federalism on one hand, and the need to consider evidence that is relevant, cumulative, and useful on the other hand. To negotiate these principles, a court should make an individualized assessment of the offered evidence, and determine whether the party offering the evidence has a valid reason for not introducing it below.

Ultimately, in assessing the party's justification for failing to submit the evidence at the administrative hearing, the court should ensure that the party is not attempting to "leapfrog the agency proceedings." *Roland M.,* 910 F.2d at 998. *See also E.S. v. Independent Sch. Dist.,* 135 F.3d 566, 569 (8th Cir.1998) (party seeking to introduce additional evidence at district court level must provide a solid justification for doing so); *Independent Sch. Dist. v. S.D.,* 88 F.3d 556, 560–62 (8th Cir.1996) (same).

### 3. *Application*

Plaintiffs here seek to introduce the testimony of four witnesses, none of whom testified at the administrative level. Defendants argue, however, that plaintiffs could have presented this testimony at the administrative level but chose not to, and that this evidence will be cumulative of evidence already put before the administrative process because several of the witnesses' reports were already submitted.[10]

and procedural requirements."); 20 U.S.C. § 1412 (2005). The resolution of disputes

under the IDEA also involves levels of both state and federal review. 20 U.S.C. § 1415.

**10.** The Court notes that although counsel for

Plaintiffs offer two justifications for the non-introduction of their proffered witnesses at the administrative hearing level: (1) the hearing officer imposed a time limitation on the proceedings below by adopting a one-year limitations period on claims for compensatory education; and (2) because the burden of proof was on the school district to show the appropriateness of its decision, the plaintiffs chose not to present expert testimony below.

### a. *Limitations period*

Following *Montour School District v. S.T.*, 805 A.2d 29 (Pa.Commw.2002), which established a one year statute of limitations on a request for a due process hearing, Hearing Officer Valentini found that plaintiffs could not seek compensatory education before December 9, 2003. For this reason, the Findings of Fact contained in the decision were largely limited to the relevant period, December 9, 2003 to April 20, 2005. The Appeals Panel affirmed Officer Valentini's decision.

Although the Court has not yet resolved the limitations issue in this case, it recently overturned the application of a one-year statute of limitations to a claim for compensatory education in a similar case, as has every court in this district that has recently considered the issue. *See Robert R., et al. v. The Marple Newtown Sch. Dist.*, 2005 WL 3003033 (E.D.Pa.2005). It is probable, therefore, that if the Court finds Antoine to be eligible for special education under the IDEA, the Court will find the limitations period imposed by the hearing officer to have been improper. The Third Circuit has noted that the improper exclusion of evidence by the administrative agency may be a ground for admitting additional evidence during judicial

review. *Susan N.*, 70 F.3d at 759 (quoting *Town of Burlington v. Department of Educ.*, 736 F.2d 773, 791 (1st Cir.1984)).

Officer Valentini's decision contained a footnote indicating that she allowed some testimony to go beyond the limitations period in order to create a complete record for future proceedings. *See supra* n. 2. Plaintiffs assert, however, that introducing such testimony would have been impracticable and inefficient. For this reason, plaintiffs did not introduce the testimony of Stillis or Brown, Antoine's learning support teachers from November 1999 through January 2001, or the testimony of Maxwell, the District's psychologist, who evaluated Antoine in 1999. Because of the likelihood that the Court will not apply a limitations period to Antoine's claim for compensatory education, plaintiffs seek to introduce this testimony here.

### b. *Burden of proof*

Plaintiffs assert they did not offer the expert testimony of Dr. Domingos because they were not the party with the burden of proof at the administrative hearing. Prior to the United States Supreme Court's decision in *Schaffer v. Weast*, —— U.S. ——, ——, 126 S.Ct. 528, 537, 163 L.Ed.2d 387 (2005), the burden of demonstrating compliance with the IDEA in this jurisdiction was with the school district. *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 391 (3d Cir.2006). In *Schaffer*, however, the Supreme Court held that the "burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief," 126 S.Ct. at 537. This rule is properly applied to cases pending when *Schaffer* was decided, as was the instant case. *L.E.*, 435 F.3d at 391; *Greenwood ex rel. Greenwood v. Wissah-*

---

both parties before the Court are experienced in IDEA litigation, neither side provided pinpoint citations to the record of the adminis-

trative hearing below, nor submitted relevant pages of the transcripts. This failure has hindered the Court in its ruling.

*ickon Sch. Dist.*, 2006 WL 279085, at *1 (E.D.Pa.2006) (Savage, J.).

 In this case, Antoine M. is not challenging the appropriateness of an IEP, but rather the failure of the school district to find him eligible for one. Nevertheless, the overarching logic of *Schaffer*—that, in the context of the IDEA, the party bringing the challenge bears the burden of proof—can be applied to the situation before the Court today. A student's challenge to a district's determination that he or she is not eligible for an IEP should not be treated any differently than a challenge to the adequacy of an IEP. For this reason, the burden of proof is now on Antoine and his guardian, whereas the burden was on the District at the administrative level. Plaintiffs' decision to present expert opinion now, whereas they chose not to at the administrative hearing, may very well be related to this shift in the burden of proof.

The Court is therefore satisfied that plaintiffs have presented sufficient justifications for introducing this evidence at the district court level. Although the witnesses were available for the administrative hearing, plaintiffs have set forth adequate reasons for their failure to present the testimony earlier. There is not evidence here that the testimony was withheld for strategic reasons, nor that the District will be prejudiced by its admission.[11]

The Court is also satisfied that the evidence is non-cumulative, relevant, and useful for determining whether the goal of the IDEA has been reached. The testimony of these witnesses has not been introduced before. The testimony of Antoine's special education teachers, as well as that of a school psychologist who evaluated him will surely assist the Court in understanding the extent and nature of Antoine's alleged disability. In regards to the expert testimony, plaintiffs contend that her testimony will establish Antoine that was wrongly exited from the special education program in 2001, and is currently a student with a learning disability. It is likely that the Court will find such testimony "helpful in illuminating the nature of the controversy."[12] *Susan N.*, 70 F.3d at 760 (quoting *Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790–91 (1st Cir.1984)).

In summary, the Court finds plaintiffs have presented sufficient justifications to introduce the proffered testimony that was not presented below, and that the proffered testimony is non-cumulative, relevant, and will assist the Court in its determination of whether the District has properly assessed Antoine's eligibility under the IDEA.

## III. CONCLUSION

For the foregoing reasons, the Court will permit plaintiffs to introduce the proffered testimony.

## ORDER

**AND NOW**, this **14th** day of **March 2006**, upon consideration of Plaintiffs' Pretrial Submission (doc. no. 23) and Defendant's response thereto, it is hereby **ORDERED** that:

 1. Plaintiffs may present the testimony of Karen J. Stillis, Nancy Brown,

---

11. The District may also introduce evidence at the hearing to rebut the testimony of the plaintiffs' additional testimony, including the expert testimony.

12. The District, which presented expert testimony at the administrative hearing, will be permitted to recall its expert witness. The District's expert testimony, however, will be restricted to rebuttal testimony, and its expert is prohibited from repeating or embellishing testimony given at the administrative hearing.

Judy Kay Maxwell, and Dr. Barbara Domingos at trial; and

2. Defendant may present rebuttal testimony to plaintiffs' additional witnesses at trial.

It is **FURTHER ORDERED** that Plaintiffs' Second Motion to Supplement Administrative Record (doc. no. 27) is **DENIED as moot**.

It is **FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Reply to Defendant's Memorandum in Opposition (doc. no. 31) is **DENIED as moot**.

**AND IT IS SO ORDERED.**